## Table of Contents of Exhibits

| Exhibit | Description | Page Numbers |
|---|---|---|
| "1" | Summons and Complaint in action entitled *Karla Chavez v. Southwest Key Program, Inc.*, San Diego Superior Court Case No. 37-2011-00092825-CU-WT-CTL | Exh. 1, p.1-11 |
| "2" | Stipulation executed on behalf of Plaintiff in action entitled *Karla Chavez v. Southwest Key Program, Inc.*, San Diego Superior Court Case No. 37-2011-00092825-CU-WT-CTL | Exh. 2, p.1 |
| "3" | Declaration of Rachel Luna, Esq. | Exh. 3, p.1 |

BUTZ DUNN & DESANTIS
A PROFESSIONAL CORPORATION
101 WEST BROADWAY, SUITE 1700
SAN DIEGO, CALIFORNIA 92101
(619) 233-4777

EXHIBIT 1

Michelle B. Baker, Esq.        CSBN 199130
Michael S. Cunningham, Esq.    CSBN 272969
b|r Law Group LLP
Northern Trust Building
4370 La Jolla Village Drive, Suite 655
San Diego, California 92122
Telephone: (858) 452-0093
Facsimile:  (858) 750-1049

2011 JUN 13 PM 2:21

Attorneys for Plaintiff KARLA CHAVEZ

# SAN DIEGO COUNTY SUPERIOR COURT

## CENTRAL DIVISION

| | |
|---|---|
| KARLA CHAVEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST KEY PROGRAM, INC., a Texas corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 37-2011-00092625-CU-WT-CTL<br>Case Filed:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Disability Discrimination<br>2. Failure to Reasonably Accommodate<br>3. Wrongful Termination<br>4. Unlawful Retaliation (CFRA, FEHA) |

Plaintiff, KARLA CHAVEZ (hereinafter "Chavez" or "Plaintiff"), for causes of action against Defendants SOUTHWEST KEY PROGRAM, INC. (hereinafter "Southwest" or "Defendant"), and DOES 1-10 alleges as follows:

## GENERAL ALLEGATIONS

### (Parties)

1. Chavez is, and at all times mentioned herein was, an individual residing in the State of California, County of San Diego.

///

///

2. It is Chavez's information and belief that Southwest is, and at all times mentioned herein was, a Texas corporation doing business in the county of San Diego, California.

3. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the defendants sued herein as DOES 1 through 10, inclusive, but on information and belief alleges that said defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such defendants by such fictitious names.

4. Plaintiff is informed and believes, and thereon alleges that each defendant named herein was the agent of the other, and the agent of all Defendants. Plaintiff is further informed and believes, and thereon alleges, that each defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other defendants, and that each defendant's actions as alleged herein was authorized and ratified by the other defendants.

(General Background)

5. Southwest is a Texas corporation that provides a variety of services to immigrant children throughout the country.

6. From approximately October of 2002 to April of 2011, Chavez was employed by Southwest as a Case Manager at the pay rate of $21.67 per hour.

7. In late December of 2010, Chavez suffered a severe back injury due to a herniated disc, amongst other causes. As a result of this severe injury, Chavez was required to have surgery and she was placed on medical leave by her physician.

8. Chavez remained on medical leave until March of 2011, when she attempted to return to her position as a case manager at Southwest.

9. On March 14th, 2011, Chavez returned to her work at Southwest. Approximately one and a half hours into her shift, Chavez was informed by her acting Program Director that she would have to leave the office immediately, due to the fact that Southwest was requesting additional medical documentation before Chavez to return to work.

b|r Law Group LLP
Northern Trust Building
4370 La Jolla Village Drive, Suite 655
San Diego, California 92122
Telephone: (858) 452-0093
Facsimile: (858) 750-1049

10. Upon being sent home from work on March 14, 2011, Chavez contacted her doctor to ensure that Southwest would receive all additional medical documentation being requested.

11. On March 25, 2011, Chavez was informed by Southwest's human resources department that the necessary forms had been received, and Southwest would soon be making a decision on whether or not Chavez would be allowed to return to her job at Southwest.

12. On April 1st, 2011, Chavez received a phone call from Southwest's human resources department informing her that she would not be eligible to return to Southwest because of her limitations due to disability, and she was also informed that her employment with Southwest was terminated at that time.

13. It is Chavez's belief that her termination was based upon the fact that she suffered from a medical disability and requested time off work to recover.

14. Chavez has exhausted her administrative remedies with the Department of Fair Employment and Housing ("DFEH") and has obtained a right-to-sue letter from the DFEH. A copy of the right-to-sue letter is attached hereto as "Exhibit A".

**FIRST CAUSE OF ACTION**
**(Disability Discrimination)**
**(By Plaintiff against All Defendants)**

15. Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

16. At all times herein mentioned Government Code sections 12940, et seq. were in full force and effect and binding upon Defendants. Said statutes require that Defendants refrain from discharging any person from employment on the basis of a medical condition.

17. Plaintiff is, and at all times herein mentioned was, an "employee" who suffers from a "disability" for the purposes of that statute.

18. At all times herein mentioned, Plaintiff was fully qualified and competent to perform the duties of her position, and or any other which were available, with a reasonable accommodation of a short time off from work to recover.

19. Although Defendants knew of Plaintiff's disability, Defendants refused to

1 provide the accommodations requested and refused to engage in an interactive process with Plaintiff. In fact, Plaintiff was ultimately terminated for taking time off work for her physical disability.

20. As such, Defendants' termination of Plaintiff was in violation of Government Code section 12940.

21. As a direct and consequential result of Defendants' actions, Plaintiff has suffered damages in an amount to be proven at trial. Said damages include, but are not limited to, loss of pay, loss of benefits, pain and suffering as a result of termination and severe emotional distress damages as a result of termination.

22. Based on Defendants' improper conduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and Plaintiff seeks recovery of those fees which will be proven at trial.

23. In addition, said termination was retaliatory and justifies the imposition of punitive damages since the termination was against public policy and in violation of Government Code section 12940. Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, with the wrongful intention of injuring Plaintiff and in conscious disregard of Plaintiff's rights. Based on the foregoing, Plaintiff is entitled to recover punitive damages from Defendants in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
### (Failure to Reasonably Accommodate)
### (By Plaintiff against All Defendants)

24. Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

25. At all times herein mentioned, Government Code section 12940 was in full force and effect and binding upon Defendants. Said statute makes it an unlawful employment practice for Defendants to fail to make reasonable accommodation for the known medical disability of an employee unless Defendants demonstrate that the accommodation produces an undue hardship to their operation.

///

26. Plaintiff informed Defendants of her medical condition and need for modified duty and/or time off from work to heal.

27. Defendants failed to reasonably accommodate Plaintiff by terminating Plaintiff's employment because she requested modified work duties and/or a period of disability leave. Defendants' reason for terminating Plaintiff, if any, was pre-textual and motivated to retaliate against Plaintiff for taking disability leave.

28. As a result of Defendants' actions, Plaintiff has suffered damages in an amount to be proven at trial.

29. Based on Defendants' improper conduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and Plaintiff seeks recovery of those fees which will be proven at trial.

30. In addition, said failure to reasonably accommodate justifies the imposition of punitive damages since it was against public policy and in violation of Government Code section 12940. Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, with the wrongful intention of injuring Plaintiff and in conscious disregard of Plaintiff's rights. Based on the foregoing, Plaintiff is entitled to recover punitive damages from Defendants in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### (Wrongful Termination as Against Public Policy)
### (By Plaintiff against All Defendants)

31. Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

32. Defendants terminated Plaintiff's employment based upon Plaintiff's request for modified work duties and/or disability leave to treat her disability and recover from back surgery.

33. Defendants' decision to terminate Plaintiff's employment was motivated by Plaintiff's disability. Defendants' termination of Plaintiff's employment for this reason is in violation of the express public policy of the state of California, including the Fair Employment and Housing Act ("FEHA"), California Family Rights Act ("CFRA"), among other regulations,

laws and statutes. As such, said termination constitutes a wrongful termination of Plaintiff's employment in violation of public policy.

34. As a direct and consequential result of the herein alleged actions and/or failures to act by Defendants, Plaintiff has suffered damages including loss of pay, loss of benefits, pain and suffering as a result of termination as well as severe emotional distress damages.

35. As a result of Defendants' actions, Plaintiff has suffered damages in an amount to be proven at trial.

36. In addition, Plaintiff's wrongful termination justifies the imposition of punitive damages since the termination was against public policy. Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, with the wrongful intention of injuring Plaintiff and in conscious disregard of Plaintiff's rights. Based on the foregoing, Plaintiff is entitled to recover punitive damages from Defendants in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### (Retaliation in Violation of CFRA and FEHA)
### (By Plaintiff against All Defendants)

37. Plaintiff repeats and realleges each and every paragraph above as though fully set forth herein.

38. California law prohibits retaliation in the workplace. The California Family Rights Act (CFRA) and other state and federal statutory schemes protect workers who exercise their right to take medical leave under the CFRA from interference with such leave. Additionally, the Fair Employment and Housing Act (FEHA) and other state statutory schemes protect workers who exercise their rights to request reasonable accommodations for their disabilities under the FEHA. Plaintiff was eligible to take medical leave and requested the right to take such leave from Defendants.

39. After Plaintiff engaged in the above-described protected activity of requesting a medical leave to recover from a disability, and as a direct and consequential result thereof, Defendants retaliated against Plaintiff for having engaged in said protected activity. Such retaliation includes, but is not limited to, Defendants' decision to end Plaintiff's employment.

///

b|r Law Group LLP
Northern Trust Building
4370 La Jolla Village Drive, Suite 655
San Diego, California 92122
Telephone: (858) 452-0093
Facsimile: (858) 750-1049

40. Defendants' stated legitimate reasons for so treating Plaintiff, if any, are pretexts for unlawful retaliation and thus not credible and as such are false.

41. As a direct and consequential result of the herein alleged actions and/or failures to act by Defendants, Plaintiff has suffered emotional damages of the type, nature and extent ordinarily associated with the wrongful conduct alleged against Defendants herein, including, but not limited to, anxiety, depression, and humiliation, according to proof at trial.

42. Based on Defendants' improper conduct, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and Plaintiff seeks recovery of those fees which will be proven at trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. **On the First Cause of Action:**
   1. For compensatory damages in an amount to be proven at trial;
   2. For punitive damages in an amount to be proven at trial; and
   3. For attorneys fees.

B. **On the Second Cause of Action:**
   1. For compensatory damages in an amount to be proven at trial;
   2. For punitive damages in an amount to be proven at trial; and
   3. For attorneys fees.

C. **On the Third Cause of Action:**
   1. For compensatory damages in an amount to be proven at trial; and
   2. For punitive damages in an amount to be proven at trial.

D. **On the Fourth Cause of Action:**
   1. For compensatory damages in an amount to be proven at trial;
   2. For punitive damages in an amount to be proven at trial; and
   3. For attorneys fees.

///
///

E.  **As to All Causes of Action:**

1. For costs of suit incurred herein; and
2. For such other and further and relief as the court may deem just and proper.

Date: 6-10-11

BR Law Group, LLP

By: *[signature]*

Michelle B. Baker, Esq.
Michael S. Cunningham, Esq.
Attorneys for Plaintiff Karla Chavez

*[Left margin: b|r Law Group LLP, Northern Trust Building, 4370 La Jolla Village Drive, Suite 655, San Diego, California 92122, Telephone: (858) 452-0093, Facsimile: (858) 750-1049]*

Complaint
- 8 -

EXHIBIT 1
Page 8



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6700
www.dfeh.ca.gov

April 28, 2011

CHAVEZ, KARLA
3013 C STREET #206
SAN DIEGO, CA 92102

RE: E201011S5761-00
 CHAVEZ/SOUTHWEST KEY PROGRAMS

Dear CHAVEZ, KARLA:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 28, 2011 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

EXHIBIT 1
Page 10

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Lottie Woodruff*

Lottie Woodruff
District Administrator

cc:   Case File

CONNIE ZAMORA
HR
SOUTHWEST KEY PROGRAMS CORPORATE
6002 JAIN LANE
AUSTIN, TX 78721

DFEH-200-43 (06/06)

**EXHIBIT 1**
Page 11

EXHIBIT 2

1  Kevin V. DeSantis, Esq. (SBN 137963)
   James A. McFaul, Esq. (SBN 248670)
2  David D. Cardone, Esq. (SBN 254954)
   BUTZ DUNN & DESANTIS
3  A PROFESSIONAL CORPORATION
   Attorneys At Law
4  101 West Broadway, Suite 1700
   San Diego, California 92101-8289
5  (619) 233-4777 / Facsimile (619) 231-0341

6  Attorneys for Defendant Southwest Key Program, Inc.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SAN DIEGO

10 KARLA CHAVEZ, an individual,              ) CASE NO. 37-2011-00092825-CU-WT-
                                             ) CTL
11         Plaintiff,                        )
                                             ) STIPULATION RE: DAMAGES
12 vs.                                       ) SOUGHT BY PLAINTIFF
                                             )
13 SOUTHWEST KEY PROGRAM, Inc., a            ) DEPT:          63
   Texas Corporation; and Does 1-10, inclusive,) JUDGE:        Hon. Luis R. Vargas
14                                           )
           Defendant.                        ) ACTION FILED:  June 13, 2011
15                                           ) TRIAL DATE:    None set
                                             )
16

17         Plaintiff, Karla Chavez, by and through her undersigned counsel, BR Law Group, LLC,

18 hereby stipulates that the damages she seeks to recover in this action exceed $75,000.00, exclusive

19 of interest and costs.

20

21
                                                     BR LAW GROUP, LLP
22 Dated:     August 18, 2011

23                                        By:        _____
                                                     Michelle B. Baker, Esq.
24                                                   Michael S. Cunningham, Esq.
                                                     Attorneys for Plaintiff, Karla Chavez
25

26

27

28

                                                 1
STIPULATION RE: DAMAGES SOUGHT BY PLAINTIFF

EXHIBIT 2
Page 1

EXHIBIT 3

Kevin V. DeSantis, Esq. (SBN 137963)
James A. McFaul, Esq. (SBN 248670)
David D. Cardone, Esq. (SBN 254954)
BUTZ DUNN & DESANTIS
A PROFESSIONAL CORPORATION
Attorneys At Law
101 West Broadway, Suite 1700
San Diego, California 92101-8289
(619) 233-4777 / Facsimile (619) 231-0341

Attorneys for Defendant Southwest Key Programs, Inc.
(erroneously sued as Southwest Key Program, Inc.)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA CHAVEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHWEST KEY PROGRAM, Inc., a Texas Corporation; and Does 1-10, inclusive,<br><br>Defendant. | CASE NO.<br><br>DECLARATION OF RACHEL LUNA IN SUPPORT OF REMOVAL |

I, **RACHEL LUNA, ESQ.**, do hereby declare and state as follows:

1. I am General Counsel for Defendant Southwest Key Programs, Inc. (erroneously sued as Southwest Key Program, Inc.) ("Southwest Key"). I also serve as Corporate Secretary for Southwest Key. I make this declaration in support of Southwest Key's notice of removal. The following is based upon my personal knowledge, and if called upon to do so, I could and would competently testify thereto.

2. Southwest Key was and is incorporated under the laws of the State of Texas.

3. Southwest Key's principal place of business is in Austin, Texas.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on August 18, 2011, at Austin, Texas.



RACHEL LUNA

1
DECLARATION OF RACHEL LUNA IN SUPPORT OF REMOVAL

EXHIBIT 3
Page 1